**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT PISCIOTTA,<br><br>                Petitioner,<br><br>    v.<br><br>RACHEL THOMPSON,<br><br>                Respondent. | Civil Action No. 24-4470 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Vincent Pisciotta pursuant to 28 U.S.C. § 2241. (ECF No. 1). Also before the Court is Petitioner's application to proceed *in forma pauperis*. (ECF No. 3.) As Petitioner has shown an entitlement to proceed without prepayment of fees, his application shall be granted. As such, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be denied.

**I.  BACKGROUND**

In 2013, Petitioner was convicted and sentenced on federal arson charges, for which he received a twenty-year sentence. (ECF no. 1 at 3.) Following the passage of the First Step Act, Petitioner sought to accrue additional credits towards his earlier release under the act, but was

informed by prison officials that he was ineligible because his offense of conviction is on the list of crimes that Congress deemed render an inmate ineligible to receive credits under the Act. (*Id.* at 3-6.) Petitioner now challenges that denial, arguing that his being denied the ability to earn credits under the Act is unconstitutional as it amounts to an ex post facto punishment added to his sentence for a crime which predates the passage of the Act, and that Congress's choice of which specific crimes would render one ineligible to earn credits has no rational basis and thus is a denial of equal protection. (*Id.* at 6-17.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

In his current petition, Petitioner argues that he is being unconstitutionally prevented from earning credits under the First Step Act as his crime renders him ineligible for credits. Petitioner

2

contends that this violates both the Ex Post Facto Clause of the Constitution, as well as his right to Equal Protection. Under the First Step Act, federal prisoners who meet certain criteria, including engaging in recidivism reduction programs, are entitled to earn a number of good conduct credits, to a maximum of 365 days' worth, to be applied towards early supervised release. *See* 18 U.S.C. § 3632(d)(4). Under the statute, however, a "prisoner is ineligible to receive time credits under [the Act] if the prisoner is serving a sentence for a conviction" for any of a number of specifically enumerated crimes. *See* 18 U.S.C. § 3632(d)(4)(D). That list of enumerated offenses includes any conviction for violations of 18 U.S.C. § 844(f)3; (h); or (i) "relating to the use of fire or an explosive. *Id.* at § 3632(d)(4)(D)(xix). These listed enumerated offenses which specifically prevent the accumulation of credits have been part of the First Step Act from the beginning – they were not added to the Act after it went into effect.

By his own admission, Petitioner was convicted of a violation of 18 U.S.C. § 844(i) for arson, which clearly "relates" to the use of fire or explosives, and thus is statutorily ineligible to earn credits under the Act, and always has been so ineligible. Petitioner asserts, however, that this is a violation of the Ex Post Facto Clause as he believes that the denial of eligibility amounts to a lengthening of his sentence as he cannot *reduce* his sentence through earning credits which were previously unavailable. Petitioner has things precisely backwards. The Ex Post Facto Clause of the Constitution "prohibits application of a law enacted after the date of the offense that inflicts a greater punishment[] than the law annexed to the crime when committed." *United States v. Siddons*, 660 F.3d 699, 703 n. 4 (3d Cir. 2011) (quoting *United States v. Pennavaria*, 445 F.3d 720, 723 (3d Cir. 2006). The heart of the Clause is a protection against unforeseeable changes in law being used to either punish an individual for acts which were not criminal when committed, or which would increase the punishment for a previous crime after it was committed. *Id.* An Ex

Post Facto violation requires that there was a change in the law which was given retroactive effect, and that the petitioner was disadvantaged by that change. *Id.*

Petitioner's situation involves no such retroactive change in punishment. Petitioner's sentence was not increased in any way by passage of the First Step Act. Instead, the Act offered some, but not all, federal inmates an extra opportunity to earn credits towards an earlier release. Petitioner was not robbed of the benefits of the Act because they were, simply put, never available to him – his crimes of conviction rendered the Act inapplicable to him from its adoption. Congress specifically chose to excise those convicted of Petitioner's crime from those able to earn credits under the Act, and thus the passage of the Act, including its prohibitions, did not disadvantage Petitioner – it had precisely no effect on the length of his sentence. Petitioner may understandably be disappointed that he may not receive a benefit available to some other prisoners, but that does not amount to an Ex Post Facto violation. Prisoners have no liberty interest in the opportunity to earn the credits available under the Act, and no rights to credits under the Act other than those specifically created by the Act. *See, e.g., Fontanez v. Rardin*, No.23-12415, 2024 WL 1776338, at *2-3 (E.D. Mich. Apr. 24, 2024). Petitioner had no right or expectation of First Step Act credits prior to the Act's adoption, and had no such right or reasonable expectation afterwards. Petitioner has thus not shown an Ex Post Facto violation.

In his remaining claims, Petitioner essentially argues that it is a violation of Equal Protection that Congress chose to excise certain convicts from eligibility under the Act based on their crime of conviction. Petitioner's core contention is that he can discern no rational basis for why Congress chose to make certain convicts eligible while deciding to render ineligible certain other convicts with vaguely similar crimes of conviction. Because Petitioner has identified no suspect class applicable to his claim, his Equal Protection claim is subject to rational basis review – i.e., he must show that the Act treats similarly situated individuals differently without a rational

4

basis for the difference in treatment. *Fontanez*, 2024 WL 1776338 at *4; *see also Wofford v. Lanigan*, No. 14-5723, 2015 WL 9480016, at *5 (D.N.J. Dec. 28, 2015) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000)). Thus, so long as Congress's decision as to whom they chose to exclude from eligibility is rationally related to a legitimate government interest, Petitioner's challenge must fail. *Fontanez*, 2024 WL 1776338 at *4. Although Congress's choices must have a rational basis, they need not be perfect in all details nor prescient as to outcomes:

> The Supreme Court has indicated that "courts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends." *Heller v. Doe by Doe*, 509 U.S. 312, 321 (1993). A legislative classification does not fail the rational-basis test simply because "'it is not made with mathematical nicety or because in practice it results in some inequality.'" *Id.* (quoting *Dandridge v. Williams*, 397 U.S. 471, 485 (1970)[.] "The Problems of government are practical ones and may justify, if they do not require, rough accommodations – illogical, it may be, and unscientific." *Heller*, 509 U.S. at 321[.] "Under rational-basis review, a law will survive constitutional scrutiny so long as the existence of a rational connection to its aim 'is at least debatable." *Tiwari v. Friedlander*, 26 F.4th 355, 369 (6th Cir. 2022) (quoting *W.&S. Life Ins. Co. v. State Bd. Of Equalization of California*, 451 U.S. 648, 674 (1981)).

*Id.*; *see also United States v. Powell*, No. 11-205, 2023 WL 5489030, at *5 (E.D. Va. Aug. 24, 2023).

As a number of courts have now concluded, Congress's decision to render those convicted of certain enumerated crimes ineligible to receive credit under the Act easily clears the low bar of rational basis review. Reviewing the list of offenses Congress chose to render ineligible, it is clear that the list contains a number of serious offenses, many of the most serious offenses which exist under federal law, and that the general intent was to eliminate an additional source of a reduced sentence for those convicted of these offenses. Essentially, Congress intended that the Act not serve as a windfall to those who had committed any of these crimes which, in Congress's view,

5

were especially serious violations of the law, which is certainly rationally related to Congress's interest in providing criminal laws which are both just and sufficiently deterrent to criminal activity. *See, e.g., Fontanez*, 2024 WL 1776338 at *4-5; *Powell*, 2023 WL 5489030, at *5; *see also Martinez-Palacios v. Garza*, No. 23-42, 2023 WL 6540947, at *2, n. 1 (N.D. Ohio Oct. 6, 2023). Petitioner may well be correct that the list Congress chose is imperfect and does not perfectly characterize the whole of federal criminal law, but Congress is under no such requirement of perfection in adopting laws. *Heller*, 509 U.S. at 321. As Congress's choice of enumerated ineligible offenses has a rational basis, Petitioner has failed to show a violation of his Equal Protection rights as the statute has a rational, if arguably imperfect, basis for distinguishing between individuals convicted of different offenses. Petitioner's Equal Protection claim thus fails, and Petitioner is not entitled to habeas relief.

## IV.    **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge